UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ANTHONY JONES and FAITH COLEMAN, § § § Plaintiffs, § VS. § § FEDERAL NATIONAL MORTGAGE § ASSOCIATION AS TRUSTEE FOR § THE FANNIE MAE REMIC TRUST § 2008-17; CHASE HOME FINANCE, LLC; JP MORGAN CHASE BANK, NA, Defendants. | CIVIL ACTION NO. 3:14-CV-00027 |

## MEMORANDUM AND ORDER

Plaintiffs Anthony Jones and Faith Coleman bring this suit against JPMorgan Chase Bank, N.A. ("JPMC"), Chase Home Finance, LLC, and Federal National Mortgage Association ("Fannie Mae"), following the foreclosure and sale of their home in Pearland, Texas. The Plaintiffs, alleging improper assignments of the home's Deed of Trust as well as a lack of standing to conduct or authorize a foreclosure sale, asserted claims of Wrongful Foreclosure, Slander of Title, Quiet Title, Declaratory Relief, Breach of Contract and Violation of the Property Code. This Court previously dismissed all of the claims on the record after a hearing, but granted Plaintiffs leave to replead the Breach of Contract and Declaratory Relief claims. Docket Entry No. 14. Those claims have now been repleaded and

Defendants have moved to dismiss them.

## I. BACKGROUND[1]

In January 2008, Anthony Jones and Faith Coleman purchased the home in question, granting a deed of trust to Resource Lending Group to secure a note in the amount of $375,250. Docket Entry No. 17 at 2. In July 2009, Resource Lending Group, assigned the Deed of Trust and Note to JPMC. Docket Entry No. 17-2. In January 2010, JPMC assigned the Deed of Trust and Note to Chase. Docket Entry No. 17-4. In May 2011, Chase merged with JPMC; JPMC is the surviving entity of the merger. Docket Entry No. 16-2. In June 2013, JPMC appointed a substitute trustee under the Deed of Trust. Docket Entry No. 16-3. In August 2013, the substitute trustee conveyed the Property to Fannie Mae in a nonjudicial foreclosure sale for $553,705. Docket Entry No. 17-5.

## II. RULE 12(B)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In evaluating a Rule 12(b)(6) motion, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)

---

[1] The Court recites this background taking all well-pleaded facts in the Amended Complaint as true and viewing them in the light most favorable to the Plaintiffs, as it must do at the Rule 12 stage.

(quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  The Court does not look beyond the face of the pleadings to determine whether the plaintiff has stated a claim.  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  To survive a motion to dismiss, a claim for relief must be "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III.  ANALYSIS

Plaintiffs present two claims: (1) Defendants breached the Deed of Trust when JPMC appointed a substitute trustee and engaged in foreclosure activities; and (2) Plaintiffs should be granted Declaratory Relief because Defendants lacked contractual standing to foreclose.  The Court addresses these issues in turn.

#### A.  **Breach of Contract**

The Plaintiffs' claim for breach of contract is the core of their complaint.  The Plaintiffs raise two arguments with regard to this claim: (1) that the last assignee of the Deed of Trust and Note was Chase and so JPMC did not have the authority to appoint a substitute trustee or engage in foreclosure activities; and (2) that even if JPMC was the last assignee of the Deed of Trust and Note, the Deed of Trust only authorized Resource Lending Group to appoint a substitute trustee or engage in foreclosure activities.  The Court finds that both of these arguments fail as a matter of law.

Plaintiffs allege that Chase was the last assignee of the Deed of Trust and Note. *See* Docket Report No. 17 at 2-3. However, in considering a motion to dismiss, "it is clearly proper . . . to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007). Accordingly, the Court recognizes that after JPMC assigned the Deed of Trust and Note to Chase, the two companies merged. Docket Entry No. 16-2. JPMC is the surviving entity of the merger, and thus, successor to all rights and obligations of Chase under the Deed of Trust and Note. *Halliburton Co. Benefits Comm. v. Graves*, 463 F.3d 360, 370 (5th Cir. 2006), *decision clarified on denial of reh'g,* 479 F.3d 360 (5th Cir. 2007). Accordingly, JPMC and not Chase, holds the rights and obligations under the Deed of Trust and Note, as initially assigned by Resource Lending Group to JPMC.

Plaintiffs also allege that, even if JPMC was the ultimate assignee of the Deed of Trust and Note, it was not authorized by the Deed of Trust and Texas law to appoint a substitute trustee or engage in foreclosure activities. Texas Property Code §51.0001 provides that a Mortgagee includes the owner or holder of a security instrument and, "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." Tex. Prop. Code Ann. § 51.0001(4). A substitute trustee is "a person appointed by the current mortgagee . . . to exercise the power of sale." Tex. Prop. Code Ann. § 51.0001(7).

Regardless of whether JPMC is the "owner" or "holder," they are the last party assigned the Deed of Trust and Note.  Thus, under the relevant Texas statutes, JPMC is the mortgagee and is entitled, by law, to appoint a substitute trustee and engage in foreclosure activities.  *See Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013); *see also Tavernini v. Bank of Am., N.A.*, 2014 WL 1290063, at *4–5 (E.D. Tex. Mar. 31, 2014).  Plaintiffs further argue that the Deed of Trust does not provide for a change in the "lender," however, Section 20 of the Deed of Trust clearly contemplates such a change, noting that "the Note (together with [the Deed of Trust]) can be sold one or more times without prior notice to Borrower.  A sale might result in a change in the entity (known as the 'Loan Servicer') that collects Periodic Payments due under the Note and this [Deed of Trust] and performs other mortgage loan servicing obligations under the Note."  Docket Entry No. 17-1 at 12.  Section 22 of the Deed of Trust then provides for foreclosure by the Lender or Trustee and Section 24 provides for the Lender's appointment of a substitute trustee.  *Id*. at 14.  Accordingly, the motion to dismiss the Breach of Contract cause of action is granted.

      **B.**    **Declaratory Judgment**

Plaintiffs also state a cause of action for declaratory relief.  However, as Plaintiffs recognize in the First Amended Complaint, this cause of action is

derivative of the contract dispute contemplated by the breach of contract cause of action. Because the Court finds that the underlying cause of action for breach of contract should be dismissed because it fails as a matter of law, this derivative claim necessarily also fails. Accordingly, the motion to dismiss the declaratory judgment cause of action is granted.

## IV. CONCLUSION

For the reasons discussed above, the Motion to Dismiss the First Amended Complaint (Docket Entry No. 16) is **GRANTED** and Plaintiffs' claims are **DISMISSED WITH PREJUDICE.**

**SIGNED** this 13th day of August, 2014.

_____
Gregg Costa
United States Circuit Judge[*]

---

[*] Sitting by designation.